**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlton L. Miracle,<br><br>           Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>           Defendant. | No. CV-15-08285-PCT-NVW<br><br>**ORDER** |

Plaintiff Carlton L. Miracle seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.     BACKGROUND**

Plaintiff was born in September 1967 and was 44 years old on the alleged disability onset date. He has a high school education and is able to communicate in English. He has both physical and mental impairments. He has worked as a telemarketer, convenience store clerk, fiberglass grinder, fork lift operator, and home health aide.

Plaintiff applied for disability insurance benefits on January 17, 2012, and for supplemental security income on January 31, 2012, alleging disability beginning January 1, 2011. On December 17, 2013, he appeared with his attorney and testified at a hearing before the ALJ. A vocational expert also testified. Plaintiff amended his alleged onset date to January 3, 2012. On February 21, 2014, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On November 24, 2015, Plaintiff sought review by this Court.

## II.  STANDARD OF REVIEW

A court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, when the evidence is susceptible to more than one rational interpretation, courts must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Overall, the standard of review is highly deferential." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015).

## III.  FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

1    At the first step, the ALJ determines whether the claimant is engaging in
2 substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not
3 disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant
4 has a severe medically determinable physical or mental impairment. § 404.1520(a)(4)(ii).
5 If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ
6 considers whether the claimant's impairment or combination of impairments meets or
7 medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.
8 § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If
9 not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual
10 functional capacity and determines whether the claimant is still capable of performing
11 past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the
12 inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines
13 whether the claimant can perform any other work based on the claimant's residual
14 functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the
15 claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

16    At step one, the ALJ found that Plaintiff meets the insured status requirements of
17 the Social Security Act through December 31, 2012, and that he has not engaged in
18 substantial gainful activity since January 3, 2012. At step two, the ALJ found that
19 Plaintiff has the following severe impairments: chronic pain syndrome, arthralgias,
20 degenerative disease of the left knee and cervical spine, bipolar disorder, posttraumatic
21 stress disorder, anxiety, mood disorder including substance-induced mood disorder,
22 depression/dysthymia, major depression with psychotic features, psychotic disorder,
23 schizophrenia, personality disorder, and polysubstance abuse and dependence. At step
24 three, the ALJ determined that Plaintiff does not have an impairment or combination of
25 impairments that meets or medically equals the severity of an impairment listed in 20
26 C.F.R. Part 404, Subpart P, Appendix 1.
27    At step four, the ALJ found that Plaintiff:
28

has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant needs to be afforded the option to alternate sit and stand during the work day allowing him to sit for up to 30 minutes and standing up to 30 minutes as needed, avoid climbing ladders, ropes or scaffolding with occasional climbing of ramps/stairs and kneeling.  Mental restrictions include limitations to simple, routine, repetitive tasks not performing in a fast-paced production environment with occasional interaction to coworkers and the general public.

The ALJ further found that Plaintiff is unable to perform any past relevant work.  At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

## IV.   ANALYSIS

### A.   The ALJ Did Not Err by Finding Plaintiff Had Not Provided New and Material Evidence Since the May 2011 Hearing that Established a Change in His Residual Functional Capacity as Decided by the Prior ALJ.

On August 26, 2010, Plaintiff filed applications for disability insurance benefits and for supplemental security income, alleging disability beginning November 1, 2007. Denial of these applications became final on December 29, 2011.  Under *Chavez v. Bowen*, 884 F.2d 691 (9th Cir. 1998), as adopted by Acquiescence Ruling 97-4(9), Plaintiff was subject to a presumption of continuing nondisability.  To rebut the presumption, Plaintiff must show a changed circumstance indicating a greater disability with respect to the unadjudicated period.  If Plaintiff rebuts the presumption, the ALJ must give effect to findings from the final decision on the prior disability claim that are required in the sequential evaluation process for determining disability with respect to the unadjudicated period unless there is "new and material" evidence related to a finding or there has been a change in the law regarding the finding.

The ALJ found that the present record contains evidence of a new condition of ascending aortic aneurysm, not alleged or established by the prior record and not

analyzed in the previous decision. The ALJ found, therefore, that Plaintiff had rebutted the presumption of continuing nondisability.

Next the ALJ considered whether there is "new and material" evidence demonstrating greater disability during the unadjudicated period. The ALJ acknowledged there is new medical evidence in the form of imaging results and treatment records from an acceptable medical source to establish a new condition, but found the new evidence is not sufficient to establish changed circumstances indicating a greater disability. Therefore, the ALJ was required to give res judicata effect to the prior findings in the May 27, 2011 hearing decision regarding Plaintiff's residual functional capacity, education, and work experience.

In his opening brief, Plaintiff contends the ALJ erred by not finding the diagnosis of ascending aortic aneurysm and evidence of worsening psychological symptoms to be sufficient "new and material" evidence to establish changed circumstances. At the hearing, Plaintiff's counsel said that the new alleged onset date was consistent with an increase in Plaintiff's neck, back, and chest pains. The hearing brief submitted by Plaintiff's counsel did not address whether the evidence of Plaintiff's ascending aortic aneurysm and psychological symptoms established changed circumstances after May 27, 2011. Plaintiff did not respond to Defendant's contentions regarding this issue in his reply brief, and Plaintiff has not challenged the ALJ's determination that Plaintiff did not offer evidence regarding mental impairment that is sufficient to warrant an alternative finding from the prior decision.

As discussed below, the ALJ properly found that Plaintiff's aortic aneurysm is not severe. The ALJ also found that other than his aortic aneurysm, Plaintiff's treatment history almost exclusively concerns his mental health, which the ALJ concluded had not worsened since the prior review. Thus, the ALJ did not err in finding Plaintiff failed to offer "new and material" evidence sufficient to prove he is any more limited than as previously determined and, as a result, not entitled to a favorable determination.

### B. The ALJ Did Not Err by Finding Plaintiff's Aortic Aneurysm Non-Severe.

At step two of the five-step sequential analysis, the ALJ was required to determine whether Plaintiff has a medically determinable impairment or combination of impairments that is severe, *i.e.*, it significantly limits physical or mental ability to do basic work activities and is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 416.920(c), 416.921(a), 416.909. "Basic work activities" refers to abilities and aptitudes necessary to do most jobs, such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking, understanding and carrying out simple instructions, use of judgment, responding appropriately to others, and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b).

Plaintiff contends the ALJ should have found his aortic aneurysm to be severe because he experiences chest pain, has gone to the emergency room for chest pain, and is treated with nitroglycerine and multiple blood pressure medications. Plaintiff does not refer to evidence that his aortic aneurysm significantly limits physical or mental ability to do basic work activities. Moreover, objective medical evidence indicates that his chest pain is not caused by his aortic aneurysm.

The ALJ expressly found Plaintiff's aortic aneurysm not to be severe because it resulted in no more than minimal functional restrictions in basic work activities. In support of this finding, the ALJ cited to medical evidence that Plaintiff had sought emergency room treatment for acute chest pain, his chest pain was similar to past episodes, diagnostic testing showed the ascending aortic aneurysm remained unchanged, and testing did not yield findings to explain chest pain. The ALJ further relied on Plaintiff's cardiologist's conclusion that Plaintiff's aneurysm did not require surgical intervention, only follow-up in six months, which Plaintiff did not do. The ALJ also noted that Plaintiff's cardiologist recommended that Plaintiff stop smoking, but Plaintiff was not interested in doing so. The ALJ found Plaintiff's lack of need for additional

follow-up with his cardiologist since March 2012 and lack of chest pain complaints throughout 2013 except for during a psychological inpatient stay to be significant.

Substantial evidence supports the ALJ's determination that Plaintiff's aortic aneurysm is not a severe impairment.

### C. The ALJ Did Not Err in Weighing "Other Source" Evidence.

#### 1. Legal Standard

In determining whether a claimant is disabled, the ALJ considers all evidence in the claimant's case record. However, a claimant must submit evidence from an acceptable medical source to establish that he has a medically determinable impairment or impairments. 20 C.F.R. §§ 404.1513(a), 416.913(a), (d)(1). Only licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists are considered "acceptable medical sources." *Id.* A physician's assistant is not an acceptable medical source. Only "acceptable medical sources" can be considered treating sources whose medical opinions may be entitled to controlling weight. SSR 06-03P, 2006 WL 2329939, at *2.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Because a physician's assistant is not an acceptable medical source, a statement by a physician's assistant is not a "medical opinion." "The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source.'" SSR 06-03P, 2006 WL 2329939, at *5.

However, "evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case." *Id.* Information from "other sources" "may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the

individual's ability to function." SSR 06-03P, 2006 WL 2329939, at *2. The ALJ may consider evidence from "other sources," including physicians' assistants, regarding the severity of a claimant's impairment and how it affects the claimant's ability to work. 20 C.F.R. §§ 404.1513(d), 416.913(d). The ALJ may discount testimony from "other sources" if the ALJ gives reasons germane to the witness for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Dale v. Colvin*, __ F.3d __, 2016 WL 2909237, at *2 (9th Cir. May 19, 2016).

### 2. Physician's Assistant Robert Nordman

Plaintiff contends the ALJ erred by rejecting the September 13, 2013 opinion of Robert Nordman, P.A. PA Nordman opined that Plaintiff is likely to be absent from work 5 days or more per month and unable to complete an 8-hour work day 5 days or more per month due to his physical or mental impairments. PA Nordman further opined that, compared to an average worker, Plaintiff could be expected to perform at less than 50% efficiency on a sustained basis. He assessed Plaintiff's mental limitations as moderate for understanding and remembering short, simple instructions; slight for carrying out short, simple instructions; and marked for understanding and remembering detailed instructions. PA Nordman staed that Plaintiff uses "some THC for pain" and "no other illicits per his admission."

The ALJ gave PA Nordman's treating source opinion no weight because it "is largely unsupported, is without any analysis other than referencing the claimant's marijuana use, and suggests impairment far greater than suggested by his own treatment notes." The ALJ noted that PA Nordman made assertions regarding Plaintiff's physical impairments and said Plaintiff uses marijuana for pain, but his treatment of Plaintiff has been focused on Plaintiff's mental health symptoms. The ALJ cited to PA Nordman's treatment notes that were inconsistent with his opinion. These are reasons germane to NP Nordman.

Therefore, the ALJ did not err by giving no weight to PA Nordman's opinion.

### D. The ALJ Provided Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony.

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

To ensure meaningful review, the ALJ must specifically identify the testimony from a claimant the ALJ finds not to be credible and explain what evidence undermines the testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). The ALJ must make findings "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *accord Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

In making a credibility determination, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But "an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Id.* Further, the claimant is not required to produce objective medical evidence of the symptom or its severity. *Garrison*, 759 F.3d at 1014. The ALJ must consider all of the evidence presented, including the claimant's daily activities; the location, duration, frequency, and intensity of the pain or other symptoms; factors that

precipitate and aggravate the symptoms; effectiveness and side effects of any medication taken to alleviate pain or other symptoms; treatment other than medication; any measures other than treatment the claimant uses to relieve pain or other symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

First, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." Second, the ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms not entirely credible."

Plaintiff testified that he stopped working because he was hearing voices and having trouble concentrating. He also said he was fired from his last job because he went to the hospital for chest pain instead of going to work. Plaintiff testified regarding pain in his back, neck, and both knees and said he has a torn rotator cuff. He testified that when he has chest pain, he usually goes to the hospital, which precludes working. In addition, doctors want him to keep his blood pressure below 120, and working would cause his blood pressure to rise. Plaintiff also testified that he has suicidal and homicidal ideations, and his medications cause fatigue and hand tremors.

The ALJ noted that Plaintiff testified that he was able to move from Missouri to Arizona in October 2012 by himself and, since moving to Arizona, he has been volunteering at a shelter. He reported that in 2012 he was volunteering in Missouri. He also reported that he is able to maintain his personal care without assistance, grocery shop, use public transportation, manage his own finances, recreationally read, watch television, and go fishing.

The ALJ found that Plaintiff gave inconsistent statements about his marijuana use, and Plaintiff was noncompliant with his prescribed medications. The ALJ noted that Plaintiff has continued to smoke against medical advice and has declined smoking cessation treatment. The ALJ found that Plaintiff "simply has not offered much of any medical evidence of his physical impairments since his alleged onset date." The ALJ

further stated that Plaintiff has sought treatment primarily for mental health reasons, and that, "other than extreme situational reactions, the claimant's treatment since his alleged onset date has been regarding social stressors and medication refills." These are specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms not entirely credible.

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is affirmed. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 21st day of July, 2016.

Neil V. Wake
Senior United States District Judge